**Victor Hugo MARTINEZ–JARAM-ILLO, Petitioner—Appellant,**

v.

**Caryl THOMPSON, OIC, Officer in charge, INS Detention Facility, El Centro, CA, Respondent—Appellee.**

No. 03–56282.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 2004.

Decided Jan. 19, 2005.

Jason I. Ser, AFPD, Federal Defenders of San Diego, Inc., San Diego, CA, for Petitioner–Appellant.

Samuel W. Bettwy, Esq., John B. Scherling, Esq., Office of the U.S. Attorney, San Diego, CA, for Respondent–Appellee.

Before: BROWNING, PREGERSON, and BERZON, Circuit Judges.

## MEMORANDUM *

Victor Martinez–Jaramillo brought this habeas corpus petition in district court pursuant to 28 U.S.C. § 2241. In the petition, Martinez alleges that the Immigration Judge ("IJ") denied him due process by failing to properly consider mitigating evidence at his bail hearing. The district court denied the habeas petition, and Martinez timely appealed. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's denial of a habeas petition *de novo. Singh v. Ashcroft,* 351 F.3d 435, 438 (9th Cir.2003). We affirm.

## BACKGROUND

On September 20, 2002, the Immigration and Naturalization Service [1] ("INS") served Martinez with a Notice to Appear. The notice alleged that Martinez was removable (deportable) pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) (relating to convictions for "two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct") and 8 U.S.C. § 1227(a)(2)(A)(iii) (relating to conviction for an aggravated felony), based on two California convictions—one for commercial burglary in violation of California Penal Code § 459 and another for petty theft with priors in violation of California Penal Code § 666.

Once INS officials took Martinez into custody, the IJ determined that Martinez should be held without bail pending removal proceedings. Martinez asked for reconsideration of the IJ's decision denying him bail, and he was given a hearing. At the hearing before the IJ, Martinez introduced evidence of his family ties to the United States and his efforts to rehabilitate himself while serving his recent prison sentence. After weighing the evidence, the IJ denied Martinez's bail request. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision denying bail. Martinez then brought the present habeas petition in federal court.

Meanwhile, the IJ ordered Martinez removed pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(ii) and (iii). Martinez appealed the IJ's decision that he had committed an aggravated felony to the BIA.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The INS ceased to exist on March 1, 2003, when its functions were transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub.L. No. 107–296, 116 Stat. 2135. However, we refer to the agency as the INS here because the proceedings in this case were instigated before the transfer.

The BIA dismissed the appeal.[2] Martinez petitioned for review in this court and moved for a stay of removal, challenging only the BIA's decision that he had committed an aggravated felony. Another panel of this court dismissed his petition for review because it concluded that Martinez's burglary conviction was an aggravated felony. That panel ordered that the stay of removal which took effect when Martinez filed his petition for review be lifted upon the issuance of its mandate. *See* 9th Cir. Gen. Order 6.4(c).

Martinez then petitioned the Supreme Court for a writ of certiorari, again only challenging the aggravated felony ground for removal. That petition is pending before the Supreme Court. Martinez has not challenged the IJ's decision that he is removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of two crimes involving moral turpitude.

## MOOTNESS

The parties dispute under which section of the Immigration and Nationality Act ("INA")—8 U.S.C. § 1226(c) or § 1231(a)(2)—the Attorney General is currently detaining Martinez. We conclude that Martinez is ineligible for bail under either section.

### A. 8 U.S.C. § 1226

Section 1226(c)(1)(B) provides that "[t]he Attorney General shall take into custody any alien who ... is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B). At the time Martinez sought bail pending his removal proceedings, due process required that an IJ conduct a bail hearing for a lawful permanent resident subject to the detention provisions of 8 U.S.C. § 1226(c). *See Kim v. Ziglar,*

276 F.3d 523, 539 (9th Cir.2002), *rev'd sub nom. Demore v. Kim,* 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003). But the Supreme Court subsequently held that where an alien concedes he is removable within the meaning of 8 U.S.C. § 1226(c)(1)(B), the Attorney General may detain the alien without conducting an individualized bail hearing pending removal proceedings. *See Demore,* 538 U.S. at 522–23, 531.

After *Demore,* bail eligibility, and our ability to redress Martinez's alleged injury, turns on whether Martinez concedes he is removable within the meaning of 8 U.S.C. § 1226(c). *See id.* at 522 n. 6, 123 S.Ct. 1708. Martinez argues that he has contested whether his burglary conviction constitutes an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), therefore bringing him outside the ambit of 8 U.S.C. § 1226(c). But Martinez has not contested whether he is removable for having been convicted of two or more crimes involving moral turpitude. *See* 8 U.S.C. § 1227(a)(2)(A)(ii). Convictions for two or more crimes involving moral turpitude constitute an independent ground for mandatory detention under § 1226(c). *See* 8 U.S.C. § 1226(c)(1)(B). Because Martinez does not challenge the BIA's conclusion that he is removable on this ground, he is properly within the mandatory detention provisions of 8 U.S.C. § 1226(c) and is not entitled to bail. Accordingly, if he is presently detained pursuant to § 1226(c), his due process claim has been rendered moot by *Demore. See Demore,* 538 U.S. at 531, 123 S.Ct. 1708.

### B. 8 U.S.C. § 1231

Section 1231(a)(2) provides that "[d]uring the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period

---

**2.** We take judicial notice of the BIA's decision in Martinez's removal proceedings, as well as this court's dismissal of Martinez's petition for review.

shall the Attorney General release an alien who has been found ... deportable under section 1227(a)(2)....” 8 U.S.C. § 1231(a)(2). Section 1231(a)(1)(B)(ii) provides that, "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, [the removal period begins on] the date of the court's final order.” 8 U.S.C. § 1231(a)(1)(B)(ii).

The government argues that the removal period began when the BIA dismissed Martinez's appeal. That result, however, is simply inconsistent with the language of the statute, which stalls the beginning of the removal period where a stay of removal is granted pending judicial review. See id. Furthermore, after oral argument in this case, the panel that dismissed Martinez's petition for review recalled the court's mandate pending the resolution of Martinez's petition for writ of certiorari.[3] As a result, the stay of removal remains in effect.

Even so, these circumstances do not change the result of Martinez's present appeal. If the recall of the mandate stalls the beginning of the removal period and withdraws the Attorney General's detention authority under § 1231(a)(2), Martinez is still subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). See Demore, 538 U.S. at 531, 123 S.Ct. 1708. We therefore need not decide the impact of the mandate's recall in Martinez's direct appeal.

## CONCLUSION

The district court's dismissal of Martinez's habeas petition is therefore AFFIRMED.

---

3. The panel's order recalling the court's mandate was filed on January 5, 2005.

